IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD J. FOUNTAIN,                    )
                                       )
          Plaintiff,                   )
                                       )
     v.                                ) Civ. No. 08-748-SLR
                                       )
UNITED STATES OF AMERICA,              )
                                       )
          Defendant.                   )

---

Ronald J. Fountain, Philadelphia, Pennsylvania. Pro se Plaintiff.

Colm F. Connolly, United States Attorney and Seth M. Beausang, Assistant United States Attorney. United States Attorney's Office, District of Delaware, Wilmington, Delaware. Counsel for Defendant United States of America.

---

**MEMORANDUM OPINION**

Dated: 3/26/09
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 2, 2008, Ronald J. Fountain ("plaintiff"), a *pro se* plaintiff proceeding *in forma pauperis*, initiated the present action against the United States ("defendant") pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendant has violated his Fourteenth Amendment Due Process and Equal Protection rights and has committed a "breach" of the Civil Rights Act of 1964. (D.I. 2 at 4) Plaintiff also asserts "Constitutional Torts" and unspecified claims under "Crime Title 18 U.S.C.A.". (*Id.*) Plaintiff seeks $1,000,000,000 in compensation for these violations. (*Id.* at 3) On November 3, 2008, defendant filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (D.I. 6) Plaintiff filed a response brief on November 10, 2008. (D.I. 9) For the reasons set forth below, the court grants defendant's motion to dismiss.

## II. BACKGROUND

Plaintiff's complaint includes over one hundred pages of documents. (D.I. 2) Within these documents, plaintiff cites and defines several legal statutes and terms. Plaintiff has also included a multitude of certified mail receipts and copies of letters he has received from numerous federal government agencies in response to documents he has submitted to them. Additionally, there appear to be several references to other litigation plaintiff has pursued against defendant in other districts including the District of Columbia and the Eastern District of Pennsylvania. (D.I. 2 at 15)

Beyond plaintiff's alluding to a handful of statutes, it is very difficult to understand much of plaintiff's complaint. Plaintiff provides no connection between the documents he has submitted in exhibits 1 and 2 of his complaint and his allegations. Plaintiff fails

to identify any incidents or facts related to the extremely broad and general claims he references.  Plaintiff also has left much of his complaint form blank.  (*Id.* at 1-2) Sections of the form that he has omitted include what type of discrimination occurred, when the discrimination occurred, and what acts occurred that are alleged to be discriminatory.  (*Id.*)  Similar deficiencies exist in plaintiff's reply brief, as it is composed largely of the same items as the exhibits to plaintiff's original complaint and does not establish any facts related to plaintiff's complaint or give any responses to defendant's motion to dismiss.  (D.I. 9)

## III.  STANDARD OF REVIEW

The lack of subject matter jurisdiction may be raised at any time and cannot be waived.  Indeed, the court is obliged to address the issue on its own motion.  *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995).  Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence.  *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact).  *See* 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997).  Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.*  Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor,*

2

*Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Under a factual attack, however, the court is not "confine[d] to allegations in the . . . complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891). Although the court should determine subject matter jurisdiction at the outset of a case, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation." 2 Moore § 12.30[1]. Rather, a party may first establish jurisdiction "by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection)." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537-38 (1995) (citations omitted).

In reviewing a motion filed under Rule 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

3

Case 1:08-cv-00748-SLR Document 17 Filed 03/26/09 Page 5 of 7 PageID #: 467

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959. Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

## IV. DISCUSSION

Defendant argues that plaintiff's claims should be dismissed for lack of subject matter jurisdiction. With respect to plaintiff's claim under 42 U.S.C §1983, defendant asserts that it cannot be held liable under §1983.[1] "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

---

[1]42 U.S.C. §1983 states:

"Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...".

(Emphasis added)

4

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Because §1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from §1983 liability inasmuch as in the normal course of events they act pursuant to federal law." *Hindes v. Federal Deposit Insurance Corporation*, 137 F.3d 148, 158 (3d Cir. 1998) (citing *District of Columbia v. Carter*, 409 U.S. 418, 425 (1973)). The Third Circuit has held that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983." *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970). As plaintiff lists only the United States as a defendant, plaintiff's claim under §1983 will be dismissed because defendant is not a "person" subject to claims made under §1983. The court, nevertheless, will address the merits of defendant's additional grounds for dismissal.

Defendant asserts that it has sovereign immunity from suit, which it has not waived. It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v, King*, 395 U.S. 1,3 (1969)). Here, while plaintiff does cite the Civil Rights Act of 1964, which contains a limited waiver of sovereign immunity, nothing in plaintiff's complaint invokes that waiver.[2] As such, defendant is protected by sovereign immunity and plaintiff's claim should be dismissed.

---

[2]Nothing else cited by plaintiff in his complaint invokes a waiver of sovereign immunity.

5

Additionally, defendant argues that plaintiff's claim should be dismissed because "[p]laintiff does not even recite the elements of a claim, let alone make any factual allegations to support a claim." (D.I. 6 at ¶ 3). The standard of review, as outlined above, does not require detailed factual allegations but only enough factual allegations to raise the right to relief above the speculative level. A pleading that states a claim must, under Fed. R. Civ. P. 8(a), contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A thorough review of plaintiff's complaint and reply brief show that plaintiff's claim is deficient as he has failed to meet this minimal requirement. Plaintiff's complaint is not even fully completed. The barest "formulaic recitation of the elements" of plaintiff's cause is missing from plaintiff's complaint. Plaintiff has failed to identify the events that he claims gives him a cause of action. No facts associated with any events are presented in plaintiff's complaint, exhibits, or reply brief.[3] Plaintiff has provided nothing more than very broad allegations and has not given defendant fair notice as to the grounds under which plaintiff commences this action. As such, plaintiff's claim is dismissed for failing to state a claim upon which relief can be granted.

## V. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted. An appropriate order shall issue.

---

[3]Nothing in the record indicates that plaintiff has made a motion to amend his complaint.

6